Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Valerie McConnell (State Bar No. 274159)
valerie@smcarthurlaw.com
THE MCARTHUR LAW FIRM PC
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
Telephone: (323) 639-4455

Attorneys for Plaintiff
VLADAMUA, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADAMUA, LLC, a California Limited Liability Company<br><br>     Plaintiff,<br><br>     vs.<br><br>SONY MUSIC ENTERTAINMENT, INC.; a Delaware corporation;<br>SONY MUSIC ENTERTAINMENT US LATIN LLC; a Delaware Limited Liability Company;<br>and<br>YouTube, LLC; a Delaware Limited Liability Company.<br><br>     Defendants. | Case: 2:17-cv-9051<br><br>**COMPLAINT FOR DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vladamua, LLC ("Vladamua" or "Plaintiff") by and through its undersigned counsel, states as follows for its complaint against Defendants Sony Music Entertainment and Sony Music Entertainment US Latin LLC (collectively, "Sony Defendants"), and YouTube, LLC ("YouTube") (Sony Defendants and YouTube collectively referred to as "Defendants") and alleges as follows:

## I. INTRODUCTION

1.   This action arises out of Defendants' intentional and willful decision to infringe Plaintiff's copyrighted "Rose Gold Lip Art" photograph.

2.   Plaintiff Vladamua, LLC is a California-based Limited Liability Company that specializes in providing high-quality makeup application services, photography services, and creating unique works of makeup art. Vladamua's founder, Vlada Haggerty, is a Los Angeles-based makeup artist and photographer whose works of makeup art have been featured in fashion publications and art galleries all over all the world.  Ms. Haggerty is especially well-known for her works of lip art, which feature close-up photographs of lips decorated with unique makeup designs.

3.   One of Ms. Haggerty's most popular works is her Rose Gold Lip Art photograph, published on May 12, 2015.  Rose Gold Lip Art is protected by copyright registration number VA0002037039.  Ms. Haggerty has assigned her copyright in the "Rose Gold Lip Art" to Plaintiff Vladamua.



4.   Without compensating Vladamua or Ms. Haggerty, or obtaining a license, Sony Defendants illegally misappropriated Rose Gold Lip Art by incorporating this image into their music video entitled, "Mi Mala." This deliberate violation of Plaintiff's copyrighted work of lip art is demonstrated at approximately 1:57 mark of their video, located on YouTube at https://www.youtube.com/watch?v=DpM62ZwR15g, and on Vevo at

1   https://www.vevo.com/watch/mau-y-ricky/mi-mala-(official-
2   video)/USSD21700444 (the "Video"):



3

4

5

6

7

8

9

10

11

12

13

14

15

16

17      5.   To this day, Sony Defendants continue to use Rose Gold Lip Art in their
18   music video with blatant disregard of Plaintiff's copyright ownership.
19      6.   On November 30, 2017, Plaintiff filed with YouTube a copyright
20   infringement notification pursuant to Section 512 of the Digital Millennium
21   Copyright Act ("DMCA").
22      7.   As of the filing date of this action, YouTube still has neither removed nor
23   disabled access to Plaintiff's Rose Gold Lip Art that is incorporated into the Video
24   that is hosted on YouTube's website.
25      8.   Accordingly, due to Defendants' willful infringement, Plaintiff has no
26   choice but to file this lawsuit seeking damages that it has suffered as a result of
27   Defendants' copyright infringement.

28

3

## II.   PARTIES

9.   Plaintiff Vladamua, LLC is a California-based Limited Liability Company with a business address of 5358 Hermitage Avenue, North Hollywood, California 91607.

10.   Upon information and belief, Defendant Sony Music Entertainment, Inc. is a Delaware corporation with a business address of 550 Madison Avenue, Room 2316, New York, New York, 10022-3211. Defendant Sony Music Entertainment, Inc. conducts business throughout the United States and the world, including in the Central District of California, and has an office located at 10202 Washington Boulevard, Culver City, California 90232.

11.   Upon information and belief, Defendant Sony Music Entertainment US Latin LLC is a Delaware limited liability company with a business address of 3390 Mary Street, Miami, Florida 33133. Defendant Sony Music Entertainment US Latin, LLC conducts business throughout the United States and the world, including in the Central District of California.

12.   Upon information and belief, Defendant YouTube, LLC is a limited liability company organized under the laws of the State of Delaware and has a principal place of business located at 901 Cherry Avenue, San Bruno, California 94066.  Defendant YouTube conducts business throughout the United States and the world, including in the Central District of California.

## III.   JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over Plaintiff's federal copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.   This Court has personal jurisdiction over Defendants because they do substantial business and sales in this District. Defendants have purposefully availed themselves and directed their business at opportunities in this District.  Moreover, Defendants have committed tortious acts in this District against Plaintiff, whose principal place of business is in this District.

15.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 (a) and (b) because a substantial part of the events that are the subject matter of this lawsuit occurred in this judicial district and Defendants are subject to the Court's personal jurisdiction and therefore reside in this District.

## IV.   FACTS

16.  Plaintiff Vladamua provides high-quality makeup application services, and unique works of makeup art.  Plaintiff was founded by Vlada Haggerty, a Los Angeles-based makeup artist and photographer who has gained worldwide acclaim for her lip art and photography.

17.  Plaintiff's works of makeup art are displayed on its website, located at https://www.vladamua.com/, as well as on Instagram at https://www.instagram.com/vladamua/, where Plaintiff has nearly 800,000 devoted followers. Plaintiff's work has also been featured by such clients as Disney Style, Pat McGrath Labs, Cover Girl, Smashbox Cosmetics, NYX Cosmetics, Cosmopolitan, Elle, Tarte Cosmetics, Black Moon Cosmetics, Jeffree Starr Cosmetics, and Tattoo Junkie Cosmetics.

18. In May 2015, Ms. Haggerty created her iconic "Rose Gold Lip Art," reproduced below, and published on her Instagram account on May 12, 2015. "Rose Gold Lip Art" is protected by copyright registration number VA0002037039.



19. Ms. Haggerty's "Rose Gold Lip Art" quickly became popular on

Instagram and throughout the beauty and fashion industry.  Since May 2015, numerous publications have featured stories on this unique work of lip art and how Ms. Haggerty created a new "drenched" or "dripping" lip look.  Examples include:

- On March 10, 2016, *Refinery29* published an article entitled, "Meet Instagram's Most Controversial New Makeup Artist," which credited Ms. Haggerty with starting a "new lip trend" consisting of a "dripping, drenched effect," and described her lip art as conveying a "pillowy, provocative style."

- On March 9, 2017, *Teen Vogue* published an article entitled, "Makeup Artist Vlada Haggerty Launches Lip Line with Smashbox Cosmetics," which discussed Ms. Haggerty's "infamous rose-gold drip lip" and how her "inventive lip looks have become hugely popular on Instagram."

- On March 9, 2017, *Bustle* published an article entitled, "Who Is Vlada Haggerty? Smashbox's Lip Editor In Chief Is No Newbie To The Makeup World," which stated that Ms. Haggerty is famous for her "lip drips" and "takes the term 'makeup artist' to a whole new level. Not only does she apply the makeup, but she, quite literally, turns it into art as well. One look at her professional website and you'll see just how talented she is."

- On April 12, 2017, *Harper's Bazaar* published an article entitled, "Smashbox Collaborates with the Queen of Lip Art," which explains how Ms. Haggerty has become famous for her "dramatic" lip art, including her "Rose Gold Lip Art."

- On May 17, 2017, *Los Angeles Times* published an article entitled, "Meet Makeup Artist Vlada Haggerty, Smashbox Cosmetics' New 'Lip Editor in Chief,'" which described Ms. Haggerty's lip art as "whimsical and eye-catching" and explained that "Haggerty has mastered conveying the texture of the lip products she uses primarily through a self-taught technique she calls 'the drip.'  Scroll her Instagram and it's hard to miss

6

the images of gloss hanging from a bottom lip in mid-drip. It's another signature for the makeup artist…"

20. Ms. Haggerty assigned her copyright in the "Rose Gold Lip Art" to Plaintiff Vladamua.

21. In addition to its copyright in "Rose Gold Lip Art," Plaintiff has used this image as a trademark for makeup application services at least as early as May 2015. "Rose Gold Lip Art" is registered as U.S. federal trademark number 5,296,027. Plaintiff has invested tremendous time and resources into marketing and promoting its makeup application services using the "Rose Gold Lip Art" image. Representative examples include Plaintiff's website, www.vladahaggerty.com and Instagram page, www.instagram.com/vladamua, reproduced below:



(From www.vladahaggerty.com)



(From www.instagram.com/vladamua)

22. By way of Plaintiff's public display of "Rose Gold Lip Art" on its website, Instagram and other significant media exposure, Defendants had access to Plaintiff's copyrighted "Rose Gold Lip Art" photograph and were aware of Ms. Haggerty's ownership of this image.

23. Some time after Ms. Haggerty published "Rose Gold Lip Art" in May 2015, Sony Defendants directly copied the image file of "Rose Gold Lip Art." Sony Defendants then incorporated "Rose Gold Lip Art" into a music video entitled, "Mi Mala" for the music group, *Mau y Ricky*.

24. Defendant Sony Music Entertainment US Latin, LLC is the record label that manages the music group, Mau y Ricky, and is responsible for the distribution of "Mi Mala."

25. Defendant Sony Music Entertainment, Inc. owns Defendant Sony Music Entertainment US Latin, LLC.

26. Since at least October 2017, Sony Defendants have widely distributed, used, and displayed "Rose Gold Lip Art" to untold millions of people by using this image in the "Mi Mala" music video.  The video currently has over 30 million views on YouTube alone.

27. None of the Sony Defendants have a license to use, display, duplicate, or create derivative works of "Rose Gold Lip Art."  Nonetheless, Sony Defendants continue to use, display, and distribute their music video featuring "Rose Gold Lip Art," despite knowledge of Plaintiff's copyright ownership in this image.

28. On November 30, 2017, Plaintiff submitted a DMCA Notice of Copyright Infringement (the "DMCA Notice") to YouTube, pursuant to YouTube's copyright takedown notice procedures.  Plaintiff's DMCA Notice notified YouTube that an infringing copy of Plaintiff's copyrighted "Rose Gold Lip Art" appeared in Sony Defendants' "Mi Mala" music video for the music group, *Mau y Ricky*, and demanded that YouTube immediately remove from its website and systems the unauthorized display of "Rose Gold Lip Art."

29. As of the filing date of this action, YouTube still has neither removed nor disabled access to Plaintiff's Rose Gold Lip Art that is incorporated into the Video that is hosted on YouTube's website. YouTube therefore failed to expeditiously comply with Plaintiff's DMCA Notice and failed to expeditiously remove or

disable access to the unauthorized copying, distribution and display of "Rose Gold Lip Art" in Sony Defendants' "Mi Mala" music video.

### FIRST CAUSE OF ACTION FOR
### FEDERAL COPYRIGHT INFRINGEMENT
### (Against Sony Defendants)

30. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

31. This Count arises under the Copyright Act of 1976, Title 17 United States Code §101 *et seq*.

32. "Rose Gold Lip Art" is a wholly original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns the exclusive rights and privileges in and to "Rose Gold Lip Art," which is protected by federal copyright registration number VA0002037039. Plaintiff owns all applicable rights, titles, and interest in and to this copyrighted work.

33. By unauthorized distribution, display and use of "Rose Gold Lip Art" in their music video, "Mi Mala," Sony Defendants intentionally copied, displayed, and used "Rose Gold Lip Art" and created substantially similar derivate works of "Rose Gold Lip Art." Sony Defendants had access to "Rose Gold Lip Art" by virtue of its distribution online on Instagram and on Plaintiff's website, as well as through other social media sites and publications that have displayed "Rose Gold Lip Art" with Plaintiff's permission.

34. Sony Defendants have widely distributed, used, and displayed "Rose Gold Lip Art" to untold millions of people by using this image in their music video for "Mi Mala."

35. By their actions alleged above, Sony Defendants have infringed Plaintiff's copyright in "Rose Gold Lip Art" by, *inter alia*, copying "Rose Gold Lip Art," creating substantially similar derivate works of "Rose Gold Lip Art," and

publicly displaying and distributing this image without any authorization or other permission from Plaintiff.  Sony Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 1114.

36.  Sony Defendants are aware of Plaintiff's copyright in "Rose Gold Lip Art" and their copyright infringement has been deliberate and with willful disregard to Plaintiff's intellectual property rights.

37.  Sony Defendants have realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined.

38.  As a direct and proximate result of the Sony Defendants' willful copyright infringement, Plaintiff has suffered actual damages. Plaintiff is entitled to actual damages as well as any gains, profits, and advantages obtained by Sony Defendants as a result of its acts of infringement and their use and publication of the copied materials, 17 U.S.C. § 504(b).  Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) for Sony Defendants' infringement.

39.  Plaintiff is also entitled to attorneys' fees and full costs of suit pursuant to 17 U.S.C. § 505.

40.  Plaintiff is also entitled to an injunction enjoining Sony Defendants and their agents, employees, and all other persons acting in concert or in privity with them, from directly or indirectly infringing on Plaintiff's copyright in "Rose Gold Lip Art" and from continuing to market, offer, sell, license, display, advertise, reproduce or develop any works derived, copied, and/or sampled from this image. By reason of the foregoing copyright infringement, Plaintiff is entitled to a permanent injunction against Sony Defendants pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION FOR
## COPYRIGHT INFRINGEMENT

### (Against YouTube)

41. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

42. This Count arises under the Copyright Act of 1976, Title 17 United States Code §101 *et seq*.

43. "Rose Gold Lip Art" is a wholly original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns the exclusive rights and privileges in and to "Rose Gold Lip Art," which is protected by federal copyright registration number VA0002037039. Plaintiff owns all applicable rights, titles, and interest in and to this copyrighted work.

44. By copying, displaying, and distributing Sony Defendants' "Mi Mala" music video, YouTube intentionally copied, displayed, and distributed "Rose Gold Lip Art" to untold millions of people. YouTube's unauthorized copying, distribution, and display of "Rose Gold Lip Art" directly infringes Plaintiff's exclusive copyright in violation of 17 U.S.C. §§ 106 and 1114.

45. YouTube was notified of Plaintiff's copyright in "Rose Gold Lip Art," as well as Sony Defendants' infringement of Plaintiff's copyright, by virtue of the DMCA Notice that Plaintiff submitted on November 30, 2017.  YouTube failed to expeditiously remove or disable access to the unauthorized copies of Rose Gold Lip Art in Sony Defendants' "Mi Mala" music video. YouTube has, therefore, been aware of Plaintiff's copyright in "Rose Gold Lip Art," and YouTube's copyright infringement has been deliberate and with willful disregard to Plaintiff's intellectual property rights.

46. In addition, by permitting and facilitating Sony Defendants' unauthorized distribution, display and use of "Rose Gold Lip Art" in their "Mi Mala" music

video, YouTube contributed to Sony Defendants' infringement of Plaintiff's copyright and caused "Rose Gold Lip Art" to be copied, distributed, used, and displayed without Plaintiff's consent. YouTube knowingly induced, participated in, aided and abetted, and resultantly profited from Sony Defendants' illegal reproduction of and creation of derivate works based on Plaintiff's "Rose Gold Lip Art."

47. Plaintiff is informed and believes, and on that basis, alleges that YouTube is vicariously liable for the copyright infringement alleged herein because YouTube had the right and ability to supervise the infringing conduct and because YouTube had a direct financial interest in the infringing conduct.

48. As a result of YouTube's acts of direct, contributory and/or vicarious copyright infringement, YouTube has realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined.

49. As a direct and proximate result of YouTube's acts of direct, contributory and/or vicarious copyright infringement, Plaintiff has suffered actual damages. Plaintiff is entitled to actual damages as well as any gains, profits, and advantages obtained by YouTube as a result of its acts of infringement and its publication of the copied materials, 17 U.S.C. § 504(b). Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) for YouTube's infringement.

50. Plaintiff is also entitled to attorneys' fees and full costs of suit pursuant to 17 U.S.C. § 505.

51. Plaintiff is also entitled to an injunction enjoining YouTube and its agents, employees, and all other persons acting in concert or in privity with them, from directly or indirectly infringing on Plaintiff's copyright in "Rose Gold Lip Art" and from continuing to market, offer, sell, license, display, advertise, reproduce or develop any works derived, copied, and/or sampled from this image.

By reason of the foregoing copyright infringement, Plaintiff is entitled to a permanent injunction against YouTube pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vladamua respectfully request that this Court enter judgment against Defendants for the following relief:

a. Permanent injunctive relief against Defendants and their parents, subsidiaries, affiliated companies, and their respective officers, directors, employees, and agents from using Plaintiff's copyright;

b. An accounting of, and disgorgement of, any and all profits derived by the Defendants;

c. All actual damages sustained by Plaintiff, in an amount to be determined at trial;

d. A judgment that Defendants' infringement was willful;

e. An award of statutory damages based on Defendants' infringement, pursuant to 17 U.S.C. § 504;

f. Plaintiffs' attorneys' fees and costs of this action, pursuant to 17 U.S.C. § 505;

g. Other economic and consequential damages in an amount to be determined at trial; and

h. For any other relief as the Court deems proper.

Respectfully submitted,

By:    _/s/ Stephen McArthur_

Stephen Charles McArthur
Valerie McConnell
The McArthur Law Firm, PC
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
(323) 639-4455

13

Attorneys for Plaintiff,
VLADÁMUA, LLC

Dated:  December 18, 2017

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

By:   */s/ Stephen McArthur*

Stephen Charles McArthur
Valerie McConnell
The McArthur Law Firm, PC
Attorneys for Plaintiff, Vlada Haggerty
400 Corporate Pointe, 3rd Floor
Culver City, CA 90230
(323) 639-4455

Attorneys for Plaintiff,
VLADÁMUA, LLC

Dated:  December 18, 2017